UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HURLBUT HEALTH CONSULTING,

                       Plaintiff,              DECISION AND ORDER

vs.

                                              24-CV-6562 (MAV)

OTIS ELEVATOR COMPANY,

                       Defendant.

_____

      In September 2024, Plaintiff Hurlbut Health Consulting ("Hurlbut") filed this action in the Supreme Court of the State of New York, County of Monroe against Defendant Otis Elevator Company ("Otis") for breach of contract, unjust enrichment, and "tortious interference with business."[1] ECF No. 1-4. Otis removed the matter to this Court later that same month. ECF No. 1.

      The matter is presently before the Court on Otis's motion to dismiss Hurlbut's claim for "tortious interference with business." ECF No. 4. For the reasons stated below, Otis's motion is granted and Hurlbut's claim for tortious interference is dismissed.

_____

[1] Otis points out that Hurlbut's cause of action for "Tortious Interference with Business" is not a cause of action under New York law, which recognizes only causes of action for "tortious interference with contract" and "tortious interference with business relations." ECF No. 4-1 at 4–8. Hurlbut's recitation of the elements of its claim, however, makes clear that its claim is "tortious interference with business relations." *Compare* ECF No. 8 at 2–3, *with 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015) (listing the elements as "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.").

## BACKGROUND

The following background has been drawn from Hurlbut's first amended complaint ("FAC"), as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The factual allegations contained in the complaint have been accepted as true, and all reasonable inferences drawn in Hurlbut's favor. *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 26 (2d Cir. 2019).

Hurlbut provides administrative services to various nursing homes in the Upstate New York region. FAC ¶ 1. Otis is a corporation authorized to do business in New York that provides elevator inspection and repair services. FAC ¶¶ 2, 4–5.

On May 2, 2023, a service technician from Otis visited Hurlbut's offices to perform an elevator inspection. FAC ¶ 5. The technician informed Hurlbut that the elevator's motor would need to be rebuilt, and on May 22, 2023, a team of Otis mechanics removed the motor from the elevator to diagnose the problems with the motor. FAC ¶¶ 6–7. In late September 2023, Otis mechanics installed the rebuilt motor and addressed some unforeseen electrical issues. FAC ¶¶ 8–9. Nevertheless, even after the motor was installed and the electrical issues addressed, and after Hurlbut paid Otis $15,849.00, the elevator was still not operational. FAC ¶¶ 10, 15.

In fact, Hurlbut's elevator was out of operation between May 2023 and March 2024. During that time, Hurlbut employees "were made to carry heavy boxes, materials, and supplies up and down multiple flights of stairs to and from storage."

FAC ¶ 29. In addition, Hurlbut employees "could not access the needed and valuable personal protection equipment (PPE) necessary for the safety and well-being of [Hurlbut's] clients . . . ." FAC ¶ 30. Consequently, Hurlbut "was forced to redirect time and resources away from its day-to-day business to address the difficulties created by" Otis's failure to fix the elevator, including the rental of a storage unit at an outside facility so that Hurlbut employees could access necessary equipment and materials. FAC ¶¶ 31–32.

Finally, in March 2024, Hurlbut hired a different company, Omni Elevators, to fix the elevator and return it to operation. FAC ¶ 11. After returning the elevator to operation, Omni technicians informed Hurlbut that the motor windings had been shorted and burned due to incorrect electrical connections, there was no evidence that the motor had actually been repaired or rebuilt as Otis claimed, and the electrical components Otis installed were the incorrect type for that particular elevator. FAC ¶¶ 12–15. Hurlbut paid Omni $11,701.80 to return the elevator to operation. FAC ¶ 16.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The rule is "'designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue.'" *Kelly v. DCC Tech. Holdings, Inc.*, 724 F. Supp. 3d 122, 141 (W.D.N.Y. 2024) (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996)).

A claim should be dismissed under Rule 12(b)(6) "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 578 (2007). Thus, to survive review under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Although Hurlbut's amended complaint includes three causes of action, the only claim that Otis challenges in the present motion is Hurlbut's claim of tortious interference. ECF No. 4-1 at 4. Specifically, Otis maintains that Hurlbut "fails to plead facts sufficient to establish that Otis'[s] alleged failure to repair the elevator was done to harm [Hurlbut] or that [Hurlbut] was prevented from entering into a contract with a third-party as a result of Otis'[s] conduct." *Id.* at 7. Otis also argues that even if Hurlbut's claim is cognizable, the damages it seeks are barred by the economic loss rule and by the limitation of liability clause contained in the contracts between the parties. *Id.* at 9.

In response, Hurlbut maintains that it has pleaded a sufficient basis for its

tortious interference claim. In particular, Hurlbut alleges that Otis was aware that Hurlbut provided back-office and administrative support for 11 skilled nursing facilities in the Upstate New York region; that Otis was aware that the PPE being stored at Hurlbut's offices was only accessible via the elevator Otis was engaged to repair; that Otis was intentionally dishonest about the so-called repairs it made to the elevator, and was grossly negligent in its work with the elevator's capacitors; and that Hurlbut was not able to serve its clients in the customary manner because Hurlbut employees were not able to use the elevator in question. ECF No. 8 at 3–4.

The elements of a tortious interference with business relations claim under New York law are well-settled: "'a plaintiff must show that (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.'" *Alliant Ins. Servs., Inc. v. Resilience Ins. Advisory Corp.*, No. 23-CV-09277 (MMG), 2025 WL 2780856, at *11 (S.D.N.Y. Sept. 30, 2025) (quoting *Pride Techs., LLC v. Kkublall*, No. 21-2225, 2022 WL 17587755, at *1 (2d Cir. Dec. 13, 2022)) (other citations omitted). Further, "[a]s federal courts applying New York law have recognized, conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." *Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 1104 (N.Y. 2004) (collecting cases). *See also, e.g., Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 107 (2d Cir. 2012) (applying *Carvel* to find no


claim where the allegations involved conduct by the defendants directed at the plaintiff, and not a third party).

Here, Hurlbut alleges that the conduct constituting tortious interference with business relations is conduct directed at Hurlbut itself (i.e., the plaintiff), and not at the party or parties with which Hurlbut had or sought to have a business relationship. In the amended complaint, Hurlbut alleges that: Otis's failure to properly fix the elevator prevented Hurlbut from doing business in its usual manner (FAC ¶ 27); prevented Hurlbut from running its business, and caused a loss of revenue (FAC ¶ 28); forced Hurlbut employees to carry heavy boxes up and down multiple flights of stairs (FAC ¶ 29); denied Hurlbut employees access to the necessary PPE (FAC ¶ 30); required Hurlbut to incur extra monthly costs for storage (FAC ¶ 31); and disrupted Hurlbut's daily operations (FAC ¶ 32). In addition, in its memorandum in opposition to Otis's motion to dismiss, Hurlbut stated that "[a]s pertains to Element No. 3" – i.e., the defendant acted for a wrongful purpose or used improper means – Otis "was intentionally <u>dishonest</u> about the so-called 'repairs' it made to the elevator in questions." ECF No. 8 at 3 (underline in the original).

Each of these allegations relate to Otis's conduct toward Hurlbut, and not toward any third party with which Hurlbut sought business relations. Therefore, Hurlbut's claim for tortious interference with business relations must be dismissed. *See, e.g., Popat v. Levy*, 328 F. Supp. 3d 106, 140 (W.D.N.Y. 2018) (dismissing a cause of action for tortious interference with business relations where the complaint contained no allegations that the defendant directed any behavior that could be

construed as constituting "wrongful means" toward the third party with which the plaintiff had business relations) (collecting cases).

Because the Court finds merit in Otis's argument regarding the sufficiency of Hurlbut's pleadings, the Court need not address whether Hurlbut's claim would have been barred by either the economic loss doctrine or the limitation of liability clause in the parties' contracts.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant Otis Elevator Company's motion to dismiss Plaintiff Hurlbut Health Consulting's cause of action for tortious interference with business relations [ECF No. 4] is GRANTED; and it is further

ORDERED that Defendant Otis Elevator Company must file an answer to Plaintiff Hurlbut Health Consulting's remaining claims of breach of contract and unjust enrichment within thirty (30) days of the date of this order.

SO ORDERED.

Dated:   January 5, 2026
         Rochester, New York

                                            _____
                                            HON. MEREDITH A. VACCA
                                            United States District Judge